NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RAHSAAN LEWIS,

    Petitioner,

v.

THE ATTORNEY GENERAL OF
THE STATE OF NEW JERSEY et al.,

    Respondents.

Civil Action No. 19-6372 (MAS)

OPINION

**SHIPP, District Judge**

Rahsaan Lewis ("Petitioner"), a prisoner currently confined at New Jersey State Prison in Trenton, New Jersey, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "Petition") challenging his conviction for murder and related offenses. (Pet., ECF No. 1.) Presently before the Court is Respondents' Motion to Dismiss the Petition as Out of Time (the "Motion"). (Mot., ECF No. 8.) For the reasons stated below, the Motion will be granted and the Petition dismissed.[1]

---

[1] Additionally pending before the Court is Respondents' Motion to Strike Petitioner's Opposition to the Motion. (Mot. to Strike, ECF No. 9.) Respondents request that Petitioner's Opposition to the Motion be stricken as it was filed fourteen days after the deadline for filing an opposition. (Br. in Supp. Mot to Strike 1–2, ECF No. 9-1.) Petitioner has filed a response to Respondents' Motion to Strike, explaining that his Opposition to the Motion was untimely filed because of the amount of time it takes to receive legal assistance from the Inmates Legal Association and because of limited access to the law library. (Opp. to Mot. to Strike 1–2, ECF No. 11.) Petitioner has attached to his Response his requests to access the law library to specifically draft his response to the Motion. (*See* Exs. 1–4, ECF No. 11-3.) The Court will, in its discretion, deny the Motion to Strike in light of Petitioner's *pro se* status because, even in consideration of Petitioner's Opposition, the Court will still grant the Motion. *See DeMary v. Kennedy Health Sys.*, Civ. No. 11-5984, 2014 WL 3748591, at *3 (D.N.J. July 30, 2014); *Ikelionwu v. Nash*, Civ. No. 06-625, 2008 WL 762864, at *2 n.1 (D.N.J. Mar. 19, 2008) (denying motion to strike late opposition to motion).

## I. BACKGROUND

On August 28, 2008, a judgment of conviction ("JOC") was entered against Petitioner for convictions of first-degree murder, N.J. Stat. Ann. § 2C:11-3(a)(1); first-degree attempted murder, N.J. Stat. Ann. §§ 2C:5-1, 2C:11-3; second-degree possession of a weapon for an unlawful purpose, N.J. Stat. Ann. § 2C:39-4(a); and third-degree unlawful possession of a weapon, N.J. Stat. Ann. § 2C:39-5(b). (JOC, ECF No. 8-3.) Petitioner was sentenced to an aggregate term of forty-five years imprisonment. (*Id.*) Petitioner appealed his conviction and sentence to the Superior Court of New Jersey, Appellate Division. (App. Div. Op., ECF No. 8-4.) In an unpublished opinion dated May 31, 2011, the Appellate Division affirmed Petitioner's conviction in part, but also reversed and remanded to the trial court for a hearing to determine Petitioner's ability to pay restitution. (*Id.* at 31.) Petitioner's application for certification to the New Jersey Supreme Court was denied on November 4, 2011. (Sup. Ct. Order, ECF No. 8-5.)

On August 14, 2013, Petitioner filed a petition for post-conviction relief ("PCR Petition") in the New Jersey Superior Court, Law Division. (PCR Petition, ECF No. 8-6.) The PCR Petition was denied by the Superior Court on August 27, 2014.[2] (Super. Ct. Order, ECF No. 8-7.) Petitioner filed an appeal of that decision in the Appellate Division,[3] which affirmed the Superior Court's denial of the PCR Petition in an unpublished opinion dated April 18, 2017. (App. Div. Op., ECF No. 8-9.) Petitioner's request for certification to the New Jersey Supreme Court was

---

[2] The Court notes that the order denying the PCR Petition states it was entered on August 27, 2013. (*See* Super. Ct. Order.) However, the order was stamped "Filed" on August 27, 2014. (*See id.*) The opinion accompanying the order also states it was filed on August 27, 2014. (Super. Ct. Op., ECF No. 8-8.) The Court presumes that the date listed on the order was a scrivener's error and will consider the order filed as of the day it was stamped "Filed," August 27, 2014.

[3] The parties do not indicate when Petitioner's appeal of the PCR Petition was filed in the Appellate Division. The Court will assume it was timely filed for the purpose of this Opinion.

2

denied on December 13, 2017. (Sup. Ct. Order, ECF No. 8-10.)

On October 10, 2015, while his appeal of his PCR Petition was pending, Petitioner filed a second petition for post-conviction relief ("Second PCR Petition") in the Superior Court. (Second PCR Pet., ECF No. 8-11.) The Second PCR Petition was denied on April 28, 2016 as procedurally barred because it constituted a second or successive petition. (Super. Ct. Order & Op., ECF No. 8-12.) On June 23, 2017, Petitioner filed a motion for leave to file a notice of appeal as within time of the denial of his Second PCR Petition. (App. Div. Order, ECF No. 8-13.) The Appellate Division denied the motion on September 29, 2017. (*Id.*) Petitioner's request for certification with the New Jersey Supreme Court was denied on July 20, 2018. (Sup. Ct. Order, ECF No. 8-14.)

Petitioner filed the instant Petition on February 20, 2019. (*See* Pet., ECF No. 1.)

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). In most cases, the one-year period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Based on the statutory language, the Supreme Court held that even when a defendant does not file a petition for certiorari with the United States Supreme Court on direct review, the AEDPA one-year limitations period starts to run when the time for seeking such review expires. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012); *Gibbs v. Goodwin*, Civ. No. 09-1046, 2009 WL 1307449, at *2 (D.N.J. May 1, 2009) (explaining that the period of direct review "include[s] the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court" (citing *Swartz v. Meyers*,

3

204 F.3d 417, 419 (3d Cir. 2000))). The AEDPA further instructs that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In other words, a petitioner's AEDPA limitations period is statutorily tolled during the pendency of any state application for post-conviction relief.

Here, Petitioner's judgment of conviction became final and the AEDPA statute of limitations began to run on or around February 2, 2012, ninety days after the New Jersey Supreme Court denied his petition for certification on his direct appeal. The AEDPA limitations period therefore expired on February 2, 2013, one year after the judgment of conviction became final. Petitioner did not file his PCR Petition until August 14, 2013. (*See* PCR Pet.)

Respondents argue that Petitioner is not entitled to statutory tolling of the limitations period because he did not file his PCR Petition until *after* the AEDPA limitations period had already expired. (Br. in Supp. Mot. 6-7, ECF No. 8-1.) Petitioner does not respond to this argument and, instead, simply avers without legal support that he is entitled to statutory tolling of the limitations period. (*See* Resp. in Opp. 1–2, ECF No. 10.) The Court disagrees. "A timely PCR petition filed during the one-year period will suspend its running; it will not, however, revive a one-year period that has already expired." *Rodriguez v. New Jersey*, Civ. No. 18-12570, 2019 WL 2193498, at *2 (D.N.J. May 20, 2019) (first citing *Long v. Wilson*, 393 F.3d 390, 394–95 (3d Cir. 2004); and then citing *Shoatz v. DiGuglielmo*, Civ. No. 07-5424, 2011 WL 767397, at *1 n.2 (E.D. Pa. Feb. 25, 2011)). Since Petitioner's PCR Petition was filed after the AEDPA limitations period had expired, he is not entitled to statutory tolling of the limitations period. His Petition is therefore barred by the statute of limitations unless he can demonstrate that he is entitled to equitable tolling of the limitations period.

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Extraordinary circumstances permitting equitable tolling include: "(1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim." *Gibbs v. Goodwin*, No. 09-1046, 2009 WL 1307449, at *3 (D.N.J. May 1, 2009) (citations omitted). The petitioner is required to exercise reasonable diligence both during the filing of the federal habeas petition and during the period petitioner is exhausting state court remedies. *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013). "The fact that a petitioner is proceeding pro se does not insulate him from the 'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling." *Id.* at 799–800 (citation omitted).

Petitioner argues that he has met the diligence requirement for equitable tolling because he hired counsel for the post-conviction proceedings prior to the conclusion of his direct appeal and "made several attempts to have his petition for post-conviction relief filed without delay." (Resp. in Opp. 3.) Indeed, Petitioner relies on an affidavit of his PCR counsel to assert that the delay in the filing of the PCR Petition was due to counsel's investigation of potential witnesses to the underlying crime and was "not a result of the defendant attempting to delay the matter." (Resp. in Opp., Ex. 3.) It is apparent to the Court that Petitioner was diligent in pursuing his right to file a PCR petition.

Nevertheless, Petitioner has failed to demonstrate the presence of any extraordinary circumstances that would permit equitable tolling of the limitations period. Unlike Petitioner's

5

argument on diligence, Petitioner's argument as to whether there are extraordinary circumstances to permit tolling of the statute of limitations is unclear. Petitioner appears to allege that the delay in the filing of his PCR Petition was beyond his control and is solely the fault of counsel. (*See* Resp. in Opp. 5.) Petitioner, however, fails to elaborate as to how the conduct of his PCR counsel prevented him from filing a timely habeas petition. Instead, Petitioner asserts that the delay in the filing of the PCR Petition was due to the fact that the "New Jersey Office of the Public Defender (OPD) was lulled into inaction by the routine acceptance by the state appellate division of motions to file a notice of appeal as within time." (*Id.*) However, as discussed above, Petitioner was not represented by the OPD in any post-conviction proceedings as he had retained private counsel to represent him in those post-conviction proceedings. Moreover, the Petition is not untimely due to the late filing of any appeal to the Appellate Division—it is untimely because his PCR Petition was not filed prior to the expiration of the AEDPA statute of limitations.

Even to the extent Petitioner claims that his PCR counsel's negligence caused his PCR Petition to be filed after the expiration of the AEDPA limitations period, his argument fails. If anything, counsel's failure to file the PCR Petition within the AEDPA limitations period constitutes "garden variety" negligence that would not entitle Petitioner to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 651–52 (2010). Indeed, it appears that the only thing that kept Petitioner or his counsel from filing the PCR Petition before the expiration of the AEDPA statute of limitations was counsel's continued investigation of Petitioner's case. The fact that it took more than one year to conduct that investigation does not constitute an extraordinary circumstance. *See Phillips v. D'Illio*, Civ. No. 15-2884, 2016 WL 54673, at *3 (D.N.J. Jan. 4, 2016) (citing *Jenkins v. Greene*, 630 F.3d 298, 303 (2d Cir. 2010)).

For these reasons, the Court will grant Respondents' Motion and dismiss the Petition as

time barred.[4]

### III. CERTIFICATE OF APPEALABILITY

The Court denies a certificate of appealability. Under 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citation omitted).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

---

[4] With his opposition to Respondents' Motion to Strike, Petitioner attaches a document entitled, "Addendum to Petitioner's Reply on Motion to Dismiss." (Addendum, ECF No. 11-2.) The Addendum appears to not only raise arguments with respect to the timeliness of the Petition, but also includes a request to amend the Petition to add a claim pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). On the issue of timeliness, Petitioner appears to assert that the Petition involves a claim of actual innocence. The Supreme Court has recognized that "actual innocence, if proved, serves as a gateway through which a petitioner may pass [despite] expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To prove actual innocence, a petitioner must show that "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* Petitioner has made no such showing here. While he asserts this case involves a claim of actual innocence, he proffers no evidence to support that assertion. Moreover, to the extent he seeks to amend his Petition, the request will be denied because any amendment is futile as the original Petition was untimely filed. *See Russell v. Martinez*, 325 F. App'x 45, 46 (3d Cir. 2009) (observing that leave to amend a habeas petition "need not be granted where that amendment would be futile").

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find it debatable whether this Court is correct in its procedural ruling. Therefore, no certificate of appealability shall issue.

### IV. <u>CONCLUSION</u>

For the foregoing reasons, the Motion to Dismiss will be GRANTED and the Petition will be DISMISSED WITH PREJUDICE. An appropriate Order accompanies this Opinion.

                                                      /s/ Michael A. Shipp
                                                      MICHAEL A. SHIPP
                                                      UNITED STATES DISTRICT JUDGE